UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS HUERTA IBARRA, ) | 1:04-CV-05589 OWW LJO HC |
| ) | |
| Petitioner, ) | ORDER DENYING PETITIONER'S |
| ) | MOTION FOR STAY OF PROCEEDINGS |
| v. ) | [Doc. #49] |
| ) | |
| E. ALAMEIDA, Director, ) | ORDER GRANTING EXTENSION OF TIME |
| ) | TO FILE AMENDED PETITION |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented in this action by George A. Boyle, Esq.

On March 24, 2004, Petitioner filed a petition for writ of habeas corpus along with a motion to stay the petition and hold the exhausted claims in abeyance pending exhaustion of state remedies.

On June 9, 2004, the Court directed Petitioner to file an amended motion listing the claims he seeks to exhaust. Petitioner filed an amended motion on June 28, 2004. Petitioner listed the unexhausted claims he wished to exhaust as follows:

    (a) Jury misconduct
        - Jurors slept during defense witness testimony;
        - Juror had an emotional reaction to the evidence.
    (b) Ineffective assistance of trial counsel
        - Counsel's failure to object to jurors' misconduct;

         - Failure to call two witnesses to testify at trial;
         - Failure to interview important potential witness;
         - Failure to present at trial the school records of the alleged victims.

The Court found good cause to stay the petition and on July 14, 2004, granted Petitioner stay of the proceedings and leave to return to state court to exhaust his judicial remedies with respect to these two claims.

Over two year later, on September 6, 2006, Petitioner filed a motion to substitute George A. Boyle, Esq., as attorney of record. In said motion, Petitioner informed the Court that the California Supreme Court had "denied Petitioner's Petition for Writ of Habeas Corpus, thereby exhausting his state remedies." On October 6, 2006, the Court granted the motion to substitute counsel.

On October 6, 2006, Petitioner, now represented by counsel, filed a motion for a sixty (60) day stay pending counsel's review of the record in order to allow counsel to prepare the appropriate pleadings. Petitioner again informed the Court the state exhaustion proceedings had been completed.

On October 19, 2006, the Court granted Petitioner a sixty (60) day stay. Petitioner was granted until December 7, 2006, to file a motion for leave to amend the petition.

Now pending before the Court is Petitioner's second request for stay filed on December 8, 2006. Counsel for Petitioner requests the proceedings be stayed again for apparently another round of state judicial proceedings because, in contradiction to his previous statements, "it appears that Petitioner has not properly exhausted his state remedies." Counsel does not expound on this statement and provides no information to the Court with regard to exactly what Petitioner has been doing for the past two years and several months if not exhausting his state remedies. Without any kind of showing, he requests that the case again be stayed.

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure

1  to exhaust his claims first in state court." Id. at 277.

2      Petitioner's request is hereby DENIED. Petitioner has not shown any cause for another stay
3  of the proceedings let alone good cause. Furthermore, this petition has languished for over two years
4  for apparently no reason. Petitioner was given specific instructions and time requirements for his
5  return to state court. Granting another stay at this point only frustrates AEDPA's objectives.

6      Accordingly, IT IS HEREBY ORDERED:

7      1.    Petitioner's motion for stay is DENIED; and

8      2.    Petitioner is GRANTED thirty (30) days from the date of service of this order to file
9      an amended petition including the exhausted claims he originally raised and any of
10     the claims he specified in his amended motion of June 28, 2004, which have been
11     heretofore exhausted.

12 IT IS SO ORDERED.

13 **Dated:**    **December 11, 2006**        **/s/ Lawrence J. O'Neill**
    b9ed48                                        UNITED STATES MAGISTRATE JUDGE